E-FILED
Tuesday, 29 September, 2026 11:51:53 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

WILLIAM WALLS,
Plaintiff,

v.

ERIN POSEY,
Defendant.

Case No. 4:26-cv-04179-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and civilly detained at the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 10). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 5). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Amended Complaint states a federal claim.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*,

729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Assistant Program Director Erin Posey. Plaintiff's allegations are difficult to decipher. Throughout his Amended Complaint, Plaintiff refers to a religious group called "Faith Believers Religion Practices." (Doc. 10). Plaintiff states that "[o]nly [his] followers who are enrolled under this religion practices [are] given "[p]ermission" to use [his] . . . work intellectual property copyrights of the Faith Believers Religion Practices, no one else." *Id.* at p. 8.

Plaintiff does not clearly explain how Defendant Posey was personally involved in any alleged constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Posey cannot be liable based solely on her supervisory position. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc).

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file a Second

Amended Complaint within thirty days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion for Leave to Proceed *in forma pauperis* [5] is DENIED, with leave to renew. If Plaintiff files a Second Amended Complaint, he must filed a renewed Motion for Leave to Proceed *in forma pauperis*.**

3) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: September 29, 2026

s/Jonathan E. Hawley
U.S. District Judge